IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TIMOTHY ALAN CONNELL
ANTHONY DALE EVANS
EUGENE SHAKUR HALL
KENNETH TOMBERLIN WILDBURGER,
    Plaintiffs,

vs.                                              Case No. 3:11cv470/LC/CJK

KEN TUCKER, et al,
    Defendants.

_____

## REPORT AND RECOMMENDATION

    This cause is before the Court upon plaintiffs' *pro se* civil rights complaint filed under 42 U.S.C. § 1983. (Doc. 1). Plaintiffs are inmates of the Florida penal system currently confined at Santa Rosa Correctional Institution Annex. They seek to maintain this suit as a class action. (Doc. 1, pp. 1, 3).

    This case cannot proceed as a class action. There are four prerequisites which must be satisfied to proceed as a class action. The party seeking class certification must demonstrate: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a) (2011). Once the plaintiff has satisfied the requirements of Rule 23(a), he must demonstrate that the class he seeks to represent falls within one of the sub-categories of Rule 23(b). Fed. R. Civ. P. 23(b); *Avery v. Powell*, 695 F. Supp. 632, 643 (D. N.H. 1988).

In determining the adequacy of representation under Rule 23(a)(4), the Court must consider the qualification and experience of the person actually conducting the litigation.  Competent representation is crucial because a judgment rendered in a class action suit for injunctive relief is binding on all members of the class, thereby preventing others from later raising the same claims.  *See Williams v. Bennett*, 689 F.2d 1370, 1381-82 (11th Cir. 1982).  Often the ability of the class representative to protect the interests of the class depends on the quality of counsel.  *Gonzales v. Cassidy*, 474 F.2d 67, 72-73 (5th Cir. 1973).  Because a layman does not ordinarily possess the legal training and expertise needed to protect the interests of the proposed class, courts are loath to certify a class represented by a *pro se* litigant.  Specifically with regard to prisoners, the Eleventh Circuit has affirmed dismissal of prisoner *pro se* complaints seeking relief on behalf of fellow inmates.  *Massimo v. Henderson*, 468 F.2d 1209, 1210 (5th Cir. 1972) (affirming dismissal of the portion of a prisoner's complaint seeking relief on behalf of fellow inmates);[1] *Bass v. Benton*, 408 F. App'x 298 (11th Cir. 2011) (affirming dismissal of class action civil rights complaint filed by *pro se* inmate under 42 U.S.C. § 1983, holding that a prisoner plaintiff may not seek relief on behalf of fellow inmates and cannot represent them in a class action suit); *see also Oxendine v. Williams*, 509 F.2d 1405 (4th Cir. 1975) (holding that it is plain error to permit a *pro se* inmate plaintiff to represent his fellow inmates in a class action).

The plaintiffs here are inadequate to represent the interests of other inmates in a class action.  They are inmates proceeding *pro se*, they are unskilled in the law, and they have limited access to legal materials.  As plaintiffs have not pleaded all of the

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

*Case No: 3:11cv470/LC/CJK*

prerequisites of Rule 23(a) and (b), class certification should be denied.

Having denied class certification, the Court is left with plaintiffs' jointly filed complaint. Plaintiffs cannot proceed on this complaint. Contrary to this Court's Local Rules and the Federal Rules of Civil Procedure, the complaint is not on the court form and is not signed by all plaintiffs.[2] Further, none of the plaintiffs have paid the $350.00 filing fee or applied for leave to proceed *in forma pauperis*. In *Hubbard v. Haley*, 262 F.3d 1194 (11th Cir. 2001), the court held that inmates may not join together in a single civil rights suit so as to share the mandatory filing fee. The *Hubbard* court found that "the intent of Congress in promulgating the [Prison Litigation Reform Act] was to deter frivolous civil actions brought by prisoners by requiring each individual prisoner to pay the full amount of the required fee. *Id.* The court affirmed the district court's decision to dismiss without prejudice the case filed by multiple plaintiffs and to require each prisoner to file an individual action accompanied by the full filing fee or an application to proceed *in forma pauperis*.

Following the holding of *Hubbard*, plaintiffs' jointly filed complaint should be dismissed. To proceed in federal court, each plaintiff must file a new, <u>individual</u> complaint on his own behalf, and either pay the full $350.00 filing fee or submit an individual application to proceed *in forma pauperis*. A complete application includes a motion with supporting affidavit, a prisoner consent form and a financial certificate with attachments (a printout of the transactions in the plaintiff's inmate trust account for the six-month period immediately preceding the filing of the complaint).

---

[2] *See* Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented."); N.D. Fla. Loc. R. 5.1(J)(2) ("No . . . civil action commenced by *pro se* litigants under 42 U.S.C. § 1983 . . . shall be considered by the court unless the appropriate forms have been properly completed, signed, and filed by the litigant[s]."); N.D. Fla. Loc. R. 5.1(B)(5) ("An original signature must be affixed to any document which is filed in paper form.").

Accordingly, it is respectfully RECOMMENDED:

1. That class certification be DENIED and plaintiff's complaint be DISMISSED WITHOUT PREJUDICE.

2. That the clerk be directed to close the file.

At Pensacola, Florida this 5th day of October, 2011.

*/s/ Charles J. Kahn, Jr.*
CHARLES J. KAHN, JR.
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *Se*e 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).